PEOPLE v MALLOY

Docket No. 77571. Submitted March 13, 1985, at Detroit.—Decided
April 19, 1985.

Roscoe J. Malloy was convicted, following a bench trial in the
Recorder's Court for the City of Detroit, of armed robbery and
felony-firearm, Lawrence D. Silverman, J. Defendant appeals
alleging error in the admission in evidence of testimony regard-
ing another uncharged offense. *Held:*

1. There was no error in the admission of testimony by
Arturo Small, who was a res gestae witness who only testified
as to the events which gave rise to the offense at bar.

2. The similar act evidence in the testimony of Officer Pitts
was properly admitted. All of the prerequisites for the admis-
sion of such evidence were met.

Affirmed.

CRIMINAL LAW — EVIDENCE — SIMILAR ACTS EVIDENCE.

Evidence of a criminal defendant's similar criminal act may be
admitted where (1) there is substantial evidence that the defen-
dant actually perpetrated the similar act, evidence of which is
sought to be introduced; (2) some special quality or circum-
stances of the act tends to prove the defendant's identity, or the
motive, intent, absence of mistake or accident, scheme, plan, or
system in doing the act, or opportunity, preparation, or knowl-
edge; (3) one or more of those factors is material to the
determination of the defendant's guilt of the charged offense;
and (4) the probative value of the evidence substantially out-
weighs the danger of unfair prejudice (MRE 404[b]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Edward Reilly Wilson,* Deputy
Chief, Civil and Appeals, and *Charles E. Grant,*
Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTE

29 Am Jur 2d, Evidence § 298 *et seq.*

Admissibility of evidence as to other offense as affected by defen-
dant's acquittal of that offense. 23 ALR4th 934.

*Alvin C. Sallen,* for defendant on appeal:

Before: CYNAR, P.J., and D. E. HOLBROOK, JR., and R. L. TAHVONEN,* JJ.

PER CURIAM. Defendant was convicted, by the court sitting without a jury, of armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to terms of imprisonment of from 4-1/2 to 10 years and 2 years respectively. Defendant now appeals as of right and contends that error occurred in the admission into evidence of testimony regarding another uncharged offense. We disagree and affirm.

Defendant alleges that it was error to receive into evidence testimony that defendant had committed an uncharged armed robbery offense on another person a day after the instant offense. Defendant objects to the testimony of Walter Pitts and Arturo Small. Our review of the record reveals that Arturo Small was a res gestae witness and only testified as to the events which gave rise to the offense at bar. *People v Pearson,* 404 Mich 698; 273 NW2d 856 (1979). Thus, there was no error in the admission of his testimony. However, the testimony of Officer Pitts warrants closer scrutiny.

Defendant argued an alibi defense. Part of his claim that he could not have been the perpetrator was based on the prosecution's witnesses' testimony that defendant had run, without a limp, from the scene of the crime. Defendant claimed that he could not have run without a limp as his ankle was swollen and sprained. Officer Pitts testified that 24 hours after the instant offense defendant ran from the scene of another robbery, with-

* Circuit judge, sitting on the Court of Appeals by assignment.

out a limp, and was subsequently apprehended. Defendant claims this testimony violated MRE 404(b). We do not agree.

*People v Golochowicz,* 413 Mich 298, 309; 319 NW2d 518 (1982), set forth the requirements that must be met before such evidence may be introduced:

"(1) there must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced; (2) there must be some special quality or circumstance of the bad act tending to prove the defendant's identity or the motive, intent, absence of mistake or accident, scheme, plan or system in doing the act and, in light of the slightly different language of MRE 404(b) we add, opportunity, preparation and knowledge; (3) one or more of these factors must be material to the determination of the defendant's guilt of the charged offense; and (4) the probative value of the evidence sought to be introduced must not be substantially outweighed by the danger of unfair prejudice." (Footnote omitted.)

Our review reveals that the similar act evidence was properly admitted. The police officers observed defendant holding a gun on a man during the similar act and defendant was then observed running from the scene of the holdup, which is substantial evidence that defendant committed the "bad act". As defendant put into issue his identity in the charged offense by his allegation, *inter alia,* that he was unable to run due to an injury and the police had observed him running without a limp 24 hours after the instant offense, such testimony was material to the determination of defendant's guilt or innocence, and this act had sufficient special qualities to utilize it to prove defendant's identity.

Finally, as this evidence specifically rebuts de-

fendant's defense it was substantially more proba-
tive than prejudicial. Therefore all the prerequi-
sites of *Golochowicz, supra,* were met and there
was no reversible error.

Affirmed.